UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY PRESSON, individually, and as spouse of and next friend for MARILYN PRESSON,<br><br>      Plaintiffs,<br><br>v.<br><br>MICHAEL D. HAGA, et al.,<br><br>      Defendants. | Case No. 1:18-cv-00099-SNLJ |

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to dismiss (#22) filed by defendants Michael Haga and Indian Creek Builders, Inc. ("Defendants"). The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court **GRANTS** Defendants' motion. Defendants are **DISMISSED** from this case in recognition of the parties' forum-selection clause, which requires any case filed against Defendants to originate in a state court located in Butler County, Missouri.

### I. BACKGROUND

Plaintiffs, Larry and Marilyn Presson ("Plaintiffs"), filed their Complaint (#1) in this Court on May 1, 2018, alleging various construction-related defects to their residence built by Defendants in Butler County, Missouri. Plaintiffs filed their Complaint in this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Defendants, in seeking to dismiss Plaintiffs' Complaint, argue under two independent grounds: (1) that there is a lack of diversity between the parties; and (2) that a forum selection clause, agreed to by

1

the parties, mandates that any and all disputes related to the residence be filed in a state court in Butler County, Missouri.

As an initial matter, the Court finds that it need not decide whether the parties are diverse—and, thus, whether it has subject-matter jurisdiction over them—because their forum-selection clause is dispositive. *See Sinochem Intern Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 430-432 (2007) (federal courts have leeway to choose among threshold grounds for denying audience to a case on the merits and may, therefore, dismiss on grounds of *forum non conveniens* without addressing the existence of subject-matter jurisdiction); *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60-61 (2013) (forum-selection clauses pointing to a state or foreign forum should be decided through the doctrine of *forum non conveniens*). Therefore, the Court will proceed to the issue of the parties' forum-selection clause.

## II. ANALYSIS

### A. The Parties' Forum-Selection Clause Requires Their Disputes to Be Resolved in a State Court Located in Butler County, Missouri

As part of the parties' agreement to build the residence, Plaintiffs and Defendants agreed to the following forum selection clause:

> "Any litigation relating to any disputes between the parties ***shall be filed in a Court of Competent jurisdiction in Butler County, MO***."

(#1-1, p. 4, ¶ 9.10.5) (emphasis added).

The parties dispute what this particular clause means. Plaintiffs, who filed their Complaint directly in this Court rather than it being removed by Defendants, argue the phrase "[c]ourt of [c]ompetent jurisdiction in Butler County, MO" necessarily embraces

this Court because cases filed in Butler County, Missouri, are subject to removal to this Court. Defendants, meanwhile, argue such an interpretation is nonsensical because this Court—specifically the Southeastern Division of the Eastern District of Missouri located in Cape Girardeau County, Missouri—cannot be physically found in Butler County, Missouri. Neither party agrees about who actually drafted the forum-selection clause.

There is a notable split in authority with clauses such as the one above, which requires suit to be filed in a particular county without reference to either state or federal court. Many courts have held that such clauses necessarily prohibit suits filed in (or removed to) a federal court located in a different, non-designated county. *See, e.g., Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997) (construing forum selection clause that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" as requiring that action be brought and litigated in the state district court of El Paso County, Colorado and rejecting argument that the clause could be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County); *Milk 'n' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir.1992) (accord); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762 (9th Cir.1989) (accord); *Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, 2003 WL 21877615 (N.D. Ill. Aug.6, 2003) (accord); *Relm Wireless Corp. v. C.P. Allstar Corp.*, 265 F.Supp.2d 523 (E.D. Pa.2003) (accord); *Navickas v. Aircenter, Inc.*, 2003 WL 21212747 (E.D. Tenn. April 10, 2003) (accord); *First Nat'l of N. Am., LLC v. Peavy*, 2002 WL 449582 (N.D. Tex. March 21, 2002) (accord); *Greenville Elec. Util. Sys. v. N. Pac. Group, Inc.*, 2001 WL 804521 (N.D. Tex. July 6, 2001) (accord); *Infinite Tech. v. Rockwell Elec. Commerce Corp.*, 2001 WL

527357 (N.D. Ill. May 16, 2001) (accord); *N. Am. Air Force v. Rose*, 2001 WL 1155078 (N.D. Cal.2001) (accord); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F.Supp.2d 1114 (D. Kan.1998) (accord); *Intermountain Sys., Inc. v. Edsall*, 575 F.Supp. 1195 (D. Colo.1983) (accord); Renaissance Nutrition, Inc. v. Burkard, 2013 WL 1855767 (W.D.N.Y. Apr. 11, 2013) (accord); *Gold Canyon Mining & Contr., LLC. v. Robinson Nev. Mining Co.,* 2011 WL 6400295 (D. Nev. Dec. 20, 2011) (accord); *Premier Med. Billing, Inc. v. Gotham Footcare, Inc.*, 2018 WL 4078823 (M.D. Fla. Aug. 27, 2018) (accord); *City of Albany v. CH2M Hill, Inc.*, 2018 WL 1558448 (D. Ore. Mar. 30, 2018) (accord); *Bartels v. Saber Healthcare Group, LLC.*, 880 F.3d 668, 674 (4th Cir. 2018) (accord).

A few courts—seemingly in the minority—have found such forum-selection clauses to be ambiguous, and have construed them against the drafter so as to include a federal court with jurisdiction over the designated county even though the federal court is not located in that county. *See Truserv Corp. v. Prices Ilfeld Hardward Co., Inc.*, 2001 WL 1298718 (N.D. Ill. Oct. 24, 2001) (holding that clause providing that the agreement shall be enforced "only in courts located in Cook County or any Illinois county contiguous to Cook County, Illinois" was ambiguous and thus venue was proper in federal court whose division's limits extended to and included a county contiguous to Cook County); *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D. Fla.1990) (accord); *Int'l Ass'n of Bridge, Structural, and Ornamental Iron Workers Local Union 348 v. Koski Constr. Co.*, 474 F.Supp. 370, 372 (W.D. Pa.1979) (accord).

This Court has previously focused specifically on whether such clauses, by designating a particular county where a federal court is not located, sufficiently waives a defendant's right of removal under 28 U.S.C. § 1441. It has held that, under Eighth Circuit precedent, such clauses do not sufficiently waive the right of removal standing alone. *See, e.g., Xgel Technology, LLC. v. C.I. Kasei Co., Ltd*., 2009 WL 1576837 (E.D. Mo. June 3, 2009) (Sippel, C.J.) (noting the Eighth Circuit's requirement that waiver of the right of removal must be "clear and unequivocal" and finding that a forum-selection clause stating "the parties agree to submit any judicial disputes to the appropriate courts in Phelps County, Missouri" did not act as a clear and unequivocal waiver of the right to removal); *Midwest Public Auction v. Motorsports of Bowling Green, Inc*., 2012 WL 5413902 (E.D. Mo. Nov. 6, 2012) (Ross, J.) (accord).

Under the present circumstances, the Court finds *Xgel Technology* and *Midwest Public Auction* are distinguishable. Both of those cases involved aspects of a defendant exercising their right to removal under 28 U.S.C. § 1441. Removal is not at issue here. Rather, this case was brought to the Court directly by Plaintiffs—and, thus, it cannot be said that it originated in Butler County, Missouri, as the parties' forum-selection clause requires.[1] The Court agrees with the overwhelming weight of authorities referenced above finding forum-selection clauses which designate a particular county— without said

---

[1] The parties' forum-selection clause uses the preposition "in" to designate Butler County, Missouri, as the proper forum. The clause requires that any litigation be brought "*in* Butler County." The use of this preposition ensures that the parties' clause is not ambiguous, at least not on the issue of where a case must *originate*. It strains logic to say this Court is located "in" Butler County—it is not, it is instead located in Cape Girardeau County with divisional venue over Butler County. *See* E.D. Mo. L. R. 3-207(A)(3) ("The Southeastern Division comprises the counties of … Butler … Court for the Southeastern Division shall be held in Cape Girardeau"). Ambiguity, if any should exist, only reasonably exists as to whether the right to removal has also been waived through the parties' forum-selection clause. But, again, as this Court has said, removal is not at issue in this particular case.

5

county having a federal court located in it—to require, at minimum, that plaintiffs bring suit in that county, regardless of any potential removal-related concerns raised later by defendants.

Because neither party argues their forum-selection clause is unconscionable or otherwise subject to being severed from their agreement as a whole, it will be enforced according to its plain terms, which requires Plaintiffs to file suit in a state court located in Butler County, Missouri.

### III. CONCLUSION

For the reasons set forth above, this Court will enforce the parties' forum-selection clause and dismiss this case as against Defendants so that a case can be filed in the designated forum of Butler County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (#22) is **GRANTED**, the claims against defendants Michael Haga and Indian Creek Builders are **DISMISSED** from this case, without prejudice, in recognition of the parties' forum-selection clause, which requires any case filed against these defendants to originate in a state court located in Butler County, Missouri.

So ordered this 31st day of August 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE