UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY PRESSON, individually, and as spouse of and next friend for MARILYN PRESSON, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MICHAEL D. HAGA, et al., )<br><br>Defendants. ) | Case No. 1:18-cv-00099-SNLJ |

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to dismiss (#24) filed by defendant Indian Creek Investments, Inc. ("Defendant"). The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court **GRANTS** Defendant's motion. The claims against Defendant are **DISMISSED** from this case pursuant to Rule 12(b)(6).

**I. BACKGROUND**

Plaintiffs, Larry and Marilyn Presson ("Plaintiffs"), filed their Complaint (#1) in this Court on May 1, 2018, alleging various construction-related defects to their residence built by Indian Creek Builders, Inc. ("Indian Creek Builders") in Butler County, Missouri. Plaintiffs filed their Complaint in this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. As relates to Defendant, only two claims have been made against it: Count I—Declaratory Judgment; and Count VIII—Civil Conspiracy. (#1, p. 10, 16). Defendant, in seeking to dismiss these counts, argues under three independent

1

grounds vis-à-vis Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6): (1) that there is a lack of diversity between the parties; (2) that a conspiracy claim cannot be had against Defendant as the last remaining defending party in the case; and (3) that a declaratory judgment claim requesting a judicial determination of the parties' obligations under a construction contract related to the above-reference residence cannot be had against Defendant as a non-party to that contract.

This Court dismissed the claims against defendants Indian Creek Builders (the company who built the residence) and Michael Haga (owner of both Indian Creek Builders and Defendant) pursuant to a forum-selection clause found in the construction contract signed by Plaintiffs, Haga, and Indian Creek Builders. (#33). Thus, only Defendant remains in this case, who asserts it "has no connection" to Plaintiffs' dispute with the dismissed parties. (#25, p. 1).

## II. ANALYSIS

### A. Consideration of Diversity Jurisdiction

In dismissing defendants Haga and Indian Creek Builders under an applicable forum-selection clause, this court invoked the doctrine of *forum non conveniens* which did not require the Court to first address the alleged lack of diversity in this case. *See Sinochem Intern Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-432 (2007) (federal courts have leeway to choose among threshold grounds for denying audience to a case on the merits and may, therefore, dismiss on grounds of *forum non conveniens* without addressing the existence of subject-matter jurisdiction); *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60-61

(2013) (forum-selection clauses pointing to a state or foreign forum should be decided through the doctrine of *forum non conveniens*). Here, however, Defendant states it is not a party to the construction contract involving the forum-selection clause previously relied upon by this Court. Thus, the Court must address diversity here, first, as the doctrine of *forum non conveniens* is inapplicable and Defendant's Rule 12(b)(6)-based arguments—attacking Plaintiffs' conspiracy and declaratory judgment claims—are on the merits. *See Ahmed v. U.S.,* 147 F.3d 791, 797 (8th Cir. 1998).

In arguing diversity is absent, Defendant relies on the fact that Plaintiffs acknowledge they "moved into" the residence-at-issue—located in Missouri—upon its completion in December 22, 2017. There is also some indication from the Complaint that Plaintiffs received mail at this residence. Yet, Plaintiffs state by way of affidavit that they have been residents of Shelby County, Tennessee, since at least 1968. (#27-1). They pay taxes in Tennessee. They have Tennessee driver's licenses. They are registered to vote in Tennessee. And they declare the residence-at-issue is intended only as a "vacation home" as part of their retirement plans. (*Id*.). Furthermore, they point out that they "will not be able to regularly reside in the [residence-at-issue] until its many defects are rectified." (*Id*.). Indeed, there is no evidence before this Court to demonstrate that Plaintiffs' stay at the residence-at-issue has been continuous or permanent since its completion in December, 2017.

Upon these facts, there is simply no indication Plaintiffs intended, at time they filed their Complaint, to switch their domicile from Tennessee to Missouri. *Blakemore v. Missouri Pac. R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986) (diversity "is to be determined at

3

the time the complaint is filed"). A person may only have one *domicile* at a time, regardless of where they may *reside* on occasion, and this *domicile* is determined through a consideration of "an individual's physical presence in the state *coupled with an indefinite intention there to remain*." *Id*. (emphasis added). There is a presumption that a previously-established domicile continues to be a person's domicile unless the party alleging a subsequent change can rebut this presumption through "clear and unequivocal" evidence. *See Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017). Under this rubric, Defendant has, at best, raised a mere suspicion that Plaintiffs have changed their domicile to Missouri; nonetheless, the Court finds Defendant—pointing solely to the fact that Plaintiffs lived for some uncertain time in a vacation home located in Missouri where they also received mail—has not sufficiently demonstrated that Plaintiffs' domicile is now in Missouri. Crucially, there is no indication in the record whatsoever that could reasonably lead this Court to find that Plaintiffs intend to remain in Missouri indefinitely. Without having demonstrated this intention, Defendant's argument must fail. *See*, e.g., *Moss v. Nat'l Life & Acc. Ins. Co.*, 385 F.Supp. 1291, 1297-1298 (W.D. Mo. 1974) (defendant failed to rebut presumption that plaintiff maintained his original domicile in Missouri while attending college in Oklahoma— merely leaving one's home to attend school is not a sufficient showing of an intent to abandon one's domicile); *Hicks v. Brophy*, 839 F.Supp. 948, 952 (D. Conn. 1993) (finding home ownership in a particular state is not sufficient to establish a change in domicile and concluding that defendant had not overcome plaintiff's testimony and documentary evidence demonstrating their home was merely a vacation home).

## B. Legal Sufficiency of Plaintiffs' Conspiracy Claim

As mentioned, Defendant is the only remaining defending party in this case—defendants Haga and Indian Creek Builder were previously dismissed. (# 33). Defendant contends this means that Plaintiffs' conspiracy claim must fail under Missouri law. Defendant argues that, under Missouri law, a conspiracy claim is not an independent claim, but merely a vehicle for establishing joint liability as between defendants; because the other alleged conspirator-defendants have been dismissed from this case, Defendant argues a conspiracy claim simply cannot stand against it alone.

This Court agrees. It has long been established under Missouri law that conspiracy is not a separate and distinction cause of action, but merely a method of asserting joint and several liability as between defendants. *Central Trust and Inv. Co. v. Signalpoint Asset Mgmt., LLC*. 422 S.W.3d 312, 324-325 (Mo. 2014) ("civil conspiracy … is not a separate and distinct action"); *Chmieleski v. City Prod. Corp.,* 660 S.W.2d 275, 286 (Mo. App. W.D. 1983) ("if no action on the case lies, no cause of action for conspiracy may be maintained"). Indeed, "a conspiracy of itself furnishes no cause of action, because from the mere forming of it no possible damages can accrue." *Darrow v. Briggs*, 169 S.W. 118, 125 (Mo. 1914). Thus, when only one defendant remains in a case, conspiracy—as a method of asserting joint and several liability—becomes moot. *Central Trust*, 422 S.W.3d at 325 (finding plaintiff's civil conspiracy claim moot when it voluntarily dismissed claims against the other conspirators and stating "the only effect of a claim of civil conspiracy is to hold multiple defendants jointly and severally liable"). As the sole remaining defendant in the case, Defendant is right to argue Plaintiffs' conspiracy claim

(Count VIII) cannot stand; accordingly, this claim will be dismissed as against Defendant.

### C. Legal Sufficiency of Plaintiffs' Declaratory Judgement Claim

Under Count I of the Complaint, Plaintiffs state:

"Pursuant to Fed. R. Civ. P. 57, Plaintiff requests this Honorable Court to declare the parties' rights, duties, obligations and responsibilities *as set forth in the Contract.*"

(Doc. #1, p. 10) (emphasis added). This Court assumes Plaintiffs intend to invoke the machinery of 28 U.S.C. § 2201 *et seq.*, the Declaratory Judgment Act, as Rule 57 merely lays out the procedure for obtaining relief under Section 2201. *See* Fed. R. Civ. P. 57 ("[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201"). Section 2201(a) states in relevant part that "*in a case of actual controversy* … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The question, then, is whether an actual controversy exists here.

The Court finds that no actual controversy exists as between Plaintiffs and Defendant related to the construction contract at issue.[1] Defendant is not a party to that contract; at minimum, Plaintiffs provide no explanation as to how Defendant, as a non-signatory to the contract, should nonetheless be deemed bound by it. And, thus, there are no rights and obligations to be declared under that contract as between Defendant and Plaintiffs. *See, e.g., Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric.*

---

[1] The construction contract clearly shows it was signed by Plaintiffs and the dismissed defendants, Haga and Indian Creek Builders. Defendant's signature appears nowhere on the contract. (#1-1).

6

*Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) ("the phrase 'case and actual controversy' in § 2201 … [requires] there [to] be a concrete dispute between parties having adverse legal interests"); *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 906 (10th Cir. 2012) ("to satisfy the 'case and controversy' requirement, a request for declaratory relief must settle some dispute which affects the behavior of the defendants toward the plaintiff"). Without a reason to believe declaratory judgment would affect the rights and obligations between Plaintiffs and Defendants, this Court finds Plaintiffs' declaratory judgment claim (Count I) must also fail.

## III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs' declaratory judgment (Count I) and conspiracy (Count VIII) claims fail as against Defendant pursuant to Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (#24) is **GRANTED**, the claims against defendant Indian Creek Investments, Inc. are **DISMISSED** from this case pursuant to Federal Rule of Civil Procedure 12(b)(6).

So ordered this 31st day of August 2018.

                                                                                                STEPHEN N. LIMBAUGH, JR.
                                                                                                UNITED STATES DISTRICT JUDGE